IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AFAF KANAZEH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FORD MOTOR CREDIT, *et al.*, )<br>)<br>Defendants. )<br>_____ ) | Case No. 1:10-mc-7 (AJT-TCB) |

## ORDER

This matter is before the Court on the Magistrate Judge's February 25, 2010 Report and Recommendation (the "R&R") (Doc. No. 6), recommending that the Court deny the motion for reconsideration (Doc. No. 4) filed by *pro se* Plaintiff Afaf Kanazeh ("Plaintiff"), in which Plaintiff requests that the Court reconsider its February 2, 2010 Order (Doc. No. 3) denying Plaintiff's motion for leave to file a complaint. Pursuant to 28 U.S.C. § 636(b)(1), objections to the R&R were to be filed with the Court no later than March 11, 2010. On March 19, 2010, the Court received Plaintiff's objections, which were dated March 17, 2010. In light of the more lenient standards applied to *pro se* litigants, the Court considers the objections herein, despite their untimely submission.

The Court conducted a *de novo* review of the entire record in this case. After completing this review, the Court concludes that the Magistrate Judge's R&R fairly and accurately sets forth the facts and correctly applies the legal principles to those facts. For these reasons, the Court adopts and incorporates the findings and recommendations of the Magistrate Judge.

On October 21, 2003, this Court entered an Order enjoining Plaintiff from filing future matters without first filing a petition for leave to file, to establish that the matter Plaintiff seeks to

commence is (1) not frivolous, (2) in good faith, and (3) has not previously been disposed of in a prior action. On January 22, 2010, Plaintiff filed a petition for leave to file a new matter. Plaintiff did not attach the complaint she intended to file to that petition for leave to file. On February 2, 2010, the petition was denied. On February 5, 2010, Plaintiff filed a motion for reconsideration of the Court's Order denying her petition for leave to file, and attached the complaint to that motion for reconsideration.

In the complaint Plaintiff seeks leave to file, Plaintiff claims that defendants Ford Motor Corporation ("Ford Motor"), Cherner Lincoln/Mercury ("Cherner"), and Progressive Corporation ("Progressive") (collectively, "Defendants") have committed "Conspiracy, Negligence, fraud misrepresentation [sic], breach of Contract, Breach of Fiduciary duty, breach of warranty in this action complaint [sic], . . . numerous violation [sic] under Racketeering influence and Corrupt Organization Act 28 U.S.C.S. # 1962 and 1964." Plaintiff does not set forth any coherent set of facts to support her broad allegations, other than vague references to theories of conspiracies against her.

The Magistrate Judge reviewed the complaint attached to the motion for reconsideration and found that the claims asserted therein were not actionable because, even liberally construed, they fail to state a claim. In addition, and more specifically, the Magistrate Judge found that Plaintiff's claim could not lie against defendant Cherner because the Court lacks diversity and subject matter jurisdiction over that defendant. The Magistrate Judge further concluded that the claims against Ford Motor seemed to involve allegations of defamation that allegedly occurred in 2005, outside the one-year statute of limitations. Finally, the Magistrate Judge was unable to decipher the claims against Progressive. For these reasons, the Magistrate Judge concluded that the complaint asserted frivolous claims that had absolutely no chance of success on the merits.

Plaintiff's untimely objections consist of twenty-two pages that primarily contain what appear to be excerpts from credit reports. Even construing the objections as broadly and favorably to the Plaintiff as possible, the Court concludes that the objections do not shed any light on the claims in her complaint or explain how those claims are not frivolous. Therefore, the Court concludes that the objections are not relevant to the findings and conclusions contained in the R&R.

After reviewing the record, the Court concludes that the complaint Plaintiff seeks leave to file is frivolous because there is "absolutely not chance of success under the existing precedent." *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 153 (4th Cir. 2002) (quoting *In re Sargent*, 136 F.3d 349, 352 (4th Cir. 1998)). Accordingly, the Court adopts the Magistrate Judge's finding and conclusions and it is hereby

ORDERED that Plaintiff's Motion for Reconsideration (Doc. No. 4) be, and the same hereby is, DENIED.

The Clerk is directed to forward copies of this Order to all counsel of record and to Plaintiff, *pro se*.

/s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
April 14, 2010